## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

*Kenan Mitchell*       :       CIVIL ACTION
      v.       :
*Silgan Plastics Corp.*       :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (✗)

| | | |
|---|---|---|
| *6/4/14* | *Mark J. fl* | *Kenan Mitchell* |
| **Date** | **Attorney-at-law** | **Attorney for** |
| *609-394-8585* | *609-394-8620* | *mladerman@RCHlawfirm.com* |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Keenah Mitchell
117 Howell Street
Trenton, New Jersey 08610

## DEFENDANTS
Silgan Plastic Corp.
121 Wheeler Way
Langhorne, Pennsylvania 19057

**(b)** County of Residence of First Listed Plaintiff   Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Laderman, Esquire
Kamensky Cohen & Riechelson
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585/Fax(609) 394-8620

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e -1 et seq.
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 6-4-14

SIGNATURE OF ATTORNEY OF RECORD *Mark D. L.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _Kernan Mitchell, 117 Havell St, Trenton, NJ 08610_

Address of Defendant: _Silgan Plastics Corp, 101 Wheeler Way, Langhorne PA 19051_

Place of Accident, Incident or Transaction: _Bucks County Pennsylvania_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _Mark D. Lademan, Esquire_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _6-4-14_       _Mark D. Ld_       _201153_
                     Attorney-at-Law       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6-4-14_       _Mark D. Ld_       _201153_
                     Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KEENAN MITCHELL,
117 Howell Street
Trenton, New Jersey 08610                                 CIVIL ACTION NO.:

                                    Plaintiff,

        vs.
                                                          JURY TRIAL DEMAND
SILGAN PLASTICS CORP.
121 Wheeler Way                                           COMPLAINT
Langhorne, Pennsylvania 19057
                                    Defendant.

Plaintiff, Keenan Mitchell, residing at 117 Howell Street Trenton, New Jersey 08610, by way of complaint, says:

## JURISDICTION

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).

2.   The jurisdiction of this Court is specifically invoked under the provisions of 42 U.S.C. § 2000e-5(f)(3) because this action is filed to obtain compensatory and punitive damages for race discrimination by an employer, in violation of federal civil rights laws.  Plaintiff commenced this action within ninety days after receipt of her Right to Sue Letter on March 13, 2014 from the Equal Employment Opportunity Commission.  A copy of the Right to Sue Letter is attached as Exhibit A.

3.   The Court has jurisdiction under 28 U.S.C. § 1367 through the principles of pendent jurisdiction for state law claims, namely the Pennsylvania Human Relations Act (PHRA), 43 P.S.§§ 951 *et seq.,* and such other common law claims.

4.      The venue of this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.      Plaintiff, Keenan Mitchell, is an individual citizen of the State of New Jersey residing at 117 Howell Street Trenton, New Jersey 08610.  At all relevant times hereto, Plaintiff was an "employee" of Defendant as such term is defined in Title VII of the Civil Rights Act and the PHRA.

6.      Defendant, Silgan Plastics Corp., is a business operating at all relevant times in the Commonwealth of Pennsylvania operating at 121 Wheeler Way Langhorne, Pennsylvania 19057.  Defendant, Silgan Plastics Corp., is an "employer" under 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and it has had at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year.  Further, it is an "employer" under 43 P.S. § 954(b) in that it employs four or more persons within the Commonwealth of Pennsylvania.  Defendant, Silgan Plastics Corp., is a corporation incorporated in the State of Missouri with a place of business at 14515 North Outer Forty, Suite 210, Chesterfield, Missouri 63017.

7.      Defendant employed Plaintiff in this judicial district.

## FACTS

8.      Plaintiff belongs to a protected class as he is African-American.

9.      Plaintiff began his employment with Defendant on or about July 18, 1995.

10.     At all times relevant herein and throughout the course of his employment, Plaintiff was qualified for his position and performed his duties in a satisfactory manner

11.     On October 31, 2012, Plaintiff reported for work in the wake of Hurricane Sandy.

12.     On October 31, 2012, there was no power in the warehouse where Plaintiff worked.  As a result of the unusual work environment, normal safety procedures were not followed by the entire workforce.

13.     On November 1, 2012, Plaintiff's employment with Defendant was terminated for allegedly not following a safety rule.

14.     The other non-African-American employees also failed to comply with various safety rules, but were not disciplined.

15.     In 2012, Plaintiff had been treated differently at work since the new plant manager began working for Defendant.

16.     An issue had arisen approximately three months before Plaintiff's discharge between Plaintiff and a white coworker.

17.     Plaintiff brought the issue to the plant manager.

18.     The plant manager suspended Plaintiff, but took no disciplinary action against his white coworker.

19.     As a direct result of his race, Plaintiff was disciplined and discharged from employment.

20.     Plaintiff filed a complaint with the Equal Employment Opportunity Commission and concurrently filed with the Pennsylvania Human Relations Commission regarding his termination.

21.     Defendant and its agents by their discrimination have caused Plaintiff lost pay and benefits, physical injury, mental anguish, embarrassment and humiliation.

## COUNT I (RACE DISCRIMINATION UNDER TITLE VII)

22.     Plaintiff incorporates the above paragraphs as if fully rewritten herein.

23.     By and through the course of conduct described herein, Defendant violated 42 U.S.C. §§ 2000e *et seq*. by harassing Plaintiff due to his race and subjecting him to a hostile work environment, denying him equal terms and conditions of employment, and discharging him because of his race.

24.     Said actions on the part of the Defendant caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

25.     As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

        **WHEREFORE,** Plaintiff, Keenan Mitchell, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Title VII of the Civil Rights Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; punitive damages; counsel fees, costs, and interest.

## COUNT II (RACE DISCRIMINATION UNDER PHRA)

26.     Plaintiff incorporates the above paragraphs as if fully rewritten herein.

27.     By and through the course of conduct described herein, Defendant violated 43 P.S.§§ 951 *et seq*. by harassing Plaintiff due to his race and subjecting him to a hostile work environment, denying him equal terms and conditions of employment, and discharging him because of his race.

28.     Said actions on the part of the Defendant caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

29.     As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Keenan Mitchell, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Pennsylvania Human Relations Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; counsel fees, costs, and interest.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Law Offices of
**KAMENSKY COHEN & RIECHELSON**

BY:     _Mark D. L_____

MARK D. LADERMAN, ESQUIRE
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585

Dated: June 2, 2013

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Keenan Mitchell**<br>**117 Howell Street**<br>**Trenton, NJ 08610** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

| | | |
|---|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
| EEOC Charge No. | EEOC Representative<br>**P M. Lucas,** | Telephone No. |
| **17F-2013-61015** | **Investigator** | **(215) 440-2652** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____          March 7, 2014

**Spencer H. Lewis, Jr.,**                         *(Date Mailed)*
**District Director**

Enclosures(s)

cc:   **SILGAN PLASTICS CORP.**

**Thomas O. McCarthy, Atty.**
**McMahon Berger Attorneys at Law**
**2730 North Ballas Roads – Suite 200**
**Post Office Box 31901**
**Saint Louis, MO 63131**

**Mark D. Laderman, Esq.**
**Kamensky Cohen and Richelson**
**194 South Broad Street**
**Trenton, NJ 08608**